### REEL et v. COMBES et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Messrs. Boyd, Cannon, Brooks & Wickham, Cleveland, and W. O. Chappell, for Reel et.

Harvey E. Elliott, for Combes et.

**1140. SURETY AND SURETYSHIP—299. Contribution.**

1. Contribution not founded on contract, but is result of general principles of equity.

2. Where implied assumpsit on part of cosurety to pay his proportion of loss is raised, law of equitable obligation to contribute arises.

3. Where some of cosureties have become insolvent, ordinary rules of contribution ineffective.

4. Where part of cosureties were forced to pay judgment on note, they can not compel contribution to extent that proceeds of note were used by principal to cancel principal's indebtedness to cosureties.

5. In action by cosureties for fixing liability as between themselves, entire transaction may be looked into.

SULLIVAN, PJ.

1. Contribution is not founded on contract, but is the result of general principles of equity, which are based upon equalization of burdens and benefits.

2. Where there is raised an implied assumpsit on the part of a cosurety to pay his proportion of the loss resulting from a concurrent liability to pay a common indebtedness, the law of equitable obligation to contribute to such payment applies.

3. Where some of the cosureties on a note had become insolvent, such insolvency rendered the ordinary rules of contribution by cosureties to the payment of the judgment rendered against them on the note ineffective as to such insolvent cosureties.

4. Where a part of the cosureties on a note were forced to pay judgment on such note, they could not compel contribution for the payment of such judgment from the other cosureties to the extent that the proceeds obtained by the giving of the note had been used by the principal to cancel the principal's indebtedness to plaintiff cosureties.

5. In an action by cosureties on corporation's note for contribution from other cosureties to pay the judgment obtained against the plaintiffs, for the purpose of fixing the liability as between the parties themselves, the entire transaction to determine rights and equities could be looked into.

(Vickery and Levine, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.